IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James Loyer, et al.,                                              Case No. 3:07CV2747

        Plaintiff

   v.                                                              ORDER

City of Norwalk, et al.,

        Defendant

     This is a civil rights suit by the plaintiff, David Pugh, who did business as "Spin to Win" in

Norwalk, Ohio. His business consisted of "Tic Tac Fruit" coin operated touch screen video games.

Playing the games could lead to a cash payoff for the player. Plaintiff James Loyer is the owner the

premises on which Pugh's business was located.

     The City of Norwalk believed that Spin to Win violated its zoning laws. It notified Pugh that

he needed a conditional use permit. He claims his attorney was told that no applications were

available during a phone call. Pugh does not know who said that to the attorney.[1]

     Plaintiffs did nothing to obtain a conditional use permit. City police officers issued a series

of minor misdemeanor violations for the failure to comply with zoning requirements. Plaintiff filed

---

[1]

Pugh's testimony about what his lawyer told him about what some unidentified individual, allegedly
affiliated with the City, is inadmissible hearsay.

this suit, seeking, *inter alia*, a preliminary injunction. The parties agreed to a standstill understanding pending the outcome of this litigation. The pending zoning violation citations were dismissed.

Plaintiff Pugh claims that it was unnecessary for him to obtain a conditional use permit under the applicable ordinance. He also contends that the City's efforts at enforcing its zoning laws constituted malicious prosecution, selective and vindictive enforcement of the law and usurpation of the legislative function.[2]

## Discussion

Plaintiffs claim that Spin-to-Win was a permitted use in the applicable commercial zone [B-4 district]; according to them, it qualified as an "indoor commercial and non-commercial recreational facility," as stated in § 1189.01(108) of the Norwalk Zoning Ordinance. That provision defines "recreational facility" as:

> Commercial or non-commercial facilities that offer *non-passive* recreational services to a group of people or the general public. Included in this definition are *outdoor recreational facilities*, such as golf courses, driving ranges, *gaming clubs*, riding clubs, tennis courts, swimming pools, and indoor recreational facilities in which all activities are conducted indoors. This definition could also include a combination of indoor and outdoor recreational services.

(emphasis added).

Persons playing Tic Tac Fruit either sit or stand. They put money in the machines. They touch the screen. They either win or lose, keep on playing or quit. Their only "activity" is entirely passive and not within the uses allowed under the ordinance.

---

[2] Any future issue about the legitimacy of operating a business offering Tic Tac Fruit was mooted when the Ohio General Assembly enacted legislation having the effect of categorizing Tic Tac Fruit as a game of chance, and thus unlawful. O.R.C. § 2915.01, as amended effective Oct., 2007.

Pugh vainly claims the ordinance covers him because Spin to Win is a "gaming club" under the ordinance. The problem with his argument is that the ordinance includes "gaming clubs" among the *outdoor* facilities excluded under the ordinance.[3]

Thus, not being within the ordinance, Spin to Win is not authorized under § 1189.01(108) of the Norwalk Zoning Code. Pugh was required to, but did not, obtain a conditional use permit to conduct his business.[4]

Pugh's failure to obtain the permit properly exposed him to charges that he was operating in violation of the Code. His claims that the enforcement undertaken by Norwalk's zoning and law enforcement officials violated his constitutional rights have no merit. *See, e.g., McKinley v. City of Mansfield*, 404 F.3d 418, 444-45 (6th Cir. 2005) (stating "where there is probable cause to prosecute, a § 1983 action for malicious prosecution will not lie").

Plaintiffs' complaints about being targeted by law enforcement officers raise claims of selective or vindictive enforcement. Their proof does not establish viable claims under either theory.

A court evaluates a selective enforcement claim "according to ordinary Equal Protection standards, which require a petitioner to show both a discriminatory purpose and a discriminatory effect." *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000). To do so, the plaintiffs must prove:

---

[3]

Because Spin to Win is an indoor, rather than an outdoor facility, it is not necessary to try to make sense out of the term "gaming club" in the context of an ordinance limited to "non-passive" activities.

[4]

Defendants acknowledge that Tic Tac Fruit might be permissible in an area zoned B-2, which permits "coin operated machines and pinballs." But that permission does not carry over to the B-4 zoned area where Spin to Win was located.

> First, [an official] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, [the official] must initiate the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.
>
> With regard to the first element, it is an absolute requirement that the plaintiff make at least a prima facie showing that similarly situated persons outside her category were not prosecuted. Furthermore, there is a strong presumption that the state actors have properly discharged their official duties, and to overcome that presumption the plaintiff must present clear evidence to the contrary; the standard is a demanding one.

*Id.* at 319 (quotation marks and citations omitted).

There is a strong presumption that state actors properly discharge their official duties, so the plaintiff must present clear evidence to the contrary. *Stemler v. City of Florence*, 126 F.3d 856, 873 (6th Cir. 1997). The plaintiff must overcome this presumption with clear and convincing evidence. *U.S. v. Armstrong*, 517 U.S. 456, 463 (1996).

Plaintiffs have failed to present valid evidence as to any of these proof elements.

They have not presented proof of differential treatment. Though Pugh alludes to Tic Tac Fruit machines being in other establishments elsewhere in the City, he presents no evidence as to whether those other operations had or did not have conditional use permits. If they did not have such permits they would be comparable to the plaintiff. But we do not know one way or the other.

Even if plaintiffs had shown that, like Pugh, the other locations did not have permits, they have not presented proof that they were not prosecuted.

Even if the authorities left the other operations alone, despite the lack of permits, plaintiffs have not shown that they belong to an identifiable group, such as a particular race or religion, or a

4

group exercising a particular constitutional or fundamental right. Proof of this sort is essential. *Hines v. City of Brighton*, 539 F. Supp. 2d 908, 916 (E.D. Mich. 2008).

Second, plaintiffs have not presented evidence that the City acted with a discriminatory purpose. To be sure, they submit various internal police memoranda about Pugh's operations. But those documents merely show the course of a routine investigation and prosecution. There is nothing unlawfully discriminatory in a focused and vigorous law enforcement effort, so long as discriminatory animus is not motivating that effort.[5]

Finally, the plaintiffs, not being able to show that they belong to an identifiable group, cannot meet their burden of showing that the alleged selective prosecution had a discriminatory effect.

Any claim of vindictive prosecution fares no better. To prove vindictive prosecution, plaintiffs must show: 1) exercise of a protected right; 2) the prosecutor's stake in the exercise of that right; 3) the unreasonableness of the prosecutor's conduct; and 4) initiation of the prosecution with an intent to punish the plaintiff for exercising the protected right. *Futernick v. Sumpter Twp.*, 78 F.3d 1051, 1056 (6th Cir. 1996).  For plaintiffs to prevail, they must show that a reasonable person would think there exists a realistic likelihood of vindictiveness: a mere possibility of vindictiveness is not enough. *U.S. v. Andrews*, 633 F.2d 449, 454-55 (6th Cir. 1980).

Plaintiffs were not engaged in a protected right; they were merely operating a business. There is no indication in the record that any of the officials or officers involved in enforcing the City's Zoning Code were involved in a competing business or otherwise would benefit from enforcing the

---

[5]

The fact that citations may have been issued on a daily basis does not show discriminatory animus. Section 1133.016 of the Norwalk Zoning Code authorizes issuance of a citation for each day that an unlawful condition remains uncorrected.

ordinance. There is no evidence that the enforcement efforts were unreasonable or that the City undertook them to punish the plaintiffs for exercising a protected right.

Finally, plaintiffs' claim of usurpation of legislative authority likewise has no merit. Plaintiffs claim that defendants undertook enforcement against them because they were not satisfied with the pace of activity at the State level. Plaintiffs also assert that defendants undermined local legislative authority, as the Norwalk City Council could have taken action to amend its Zoning Ordinance, and it did not do so.

The record shows, contrary to these speculative assertions, that nothing done by the defendants was legislative in character. Instead, they were merely exercising their authority as members of the executive branch. And they were doing so lawfully.

### Conclusion

None of plaintiffs' claims has merit, and no rational trier of fact could find in their favor. It is, accordingly,

ORDERED THAT defendants' motion for summary judgment [Doc. 24] be, and the same hereby is granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge